UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-2929 DSF (JCx) | Date | 1/8/09 |
|---|---|---|---|
| Title | Microsoft Corporation v. Samir Abdalla, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Dismiss for Lack of Jurisdiction (Docket Nos. 21-22)

Before the Court is Defendants Samir Abdalla and HW Trading, B.V.'s Motion to Dismiss for lack of personal jurisdiction or, in the alternative, transferring or dismissing the case on the basis of forum non conveniens.

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for January 12, 2009 is removed from the Court's calendar.

## I.  FACTS[1]

Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington. (Compl. ¶ 2.) It has offices around the world, including multiple offices in California where it is registered to conduct business. (Decl. of John H. Jamnback Exs. 1-2.)

Defendant Abdalla is a resident of the Netherlands and controls and operates Defendant HW Trading, B.V. ("HW Trading"), a Dutch company. (Compl. ¶¶ 3-4.) HW Trading is in the business of buying and reselling computer hardware and software products worldwide. (Decl. of Samir Abdalla ("Abdalla Decl.") ¶ 8.)

Microsoft distributes software (hereafter "Student Media") through special academic programs to provide low cost software to students enrolled in K-12 schools and

---

[1] The Court accepts the uncontroverted allegations as true for the purposes of this motion only.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

higher educational institutions.  (Compl. ¶ 10.)  It distributes such Student Media at a discount to provide students worldwide low cost access to software.  (Id.)

In the United States, an eligible institution may order Microsoft Student Media only from Authorized Education Resellers ("AERs").  (Id. ¶ 11.)  Participating academic institutions, AERs, and students are prohibited from reselling Student Media.  (Id.)  Microsoft also imposes geographic restrictions on the distribution of Student Media.  (Id. ¶ 12.)  For example, Student Media distributed in Europe is not licensed for use in North America.  (Id.)

Defendants have distributed without authorization Microsoft Student Media software that was intended for educational users outside of the United States to ineligible third parties in the United States.  (Id. ¶ 15.)

## II.  LEGAL STANDARD

### A.  Federal Rule of Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss a matter for lack of personal jurisdiction.  It has long been settled that a court may exercise personal jurisdiction over a nonresident defendant only if he has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1110 (9th Cir. 2002).  California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  Cal. Civ. Proc. Code § 410.10.  Thus, California's statutory limitation is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court."  Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

Personal jurisdiction may be either general or specific.  See Helicopteros Nacionales De Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984).  A defendant is present "generally" in the forum when its activities in the state are "substantial" or "continuous and systematic."  Sher, 911 F.2d at 1361; Dole Food, 303 F.3d at 1111.  "Specific jurisdiction" exists where the claim for relief arises directly from defendant's contacts with the forum state.  See AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

Where general jurisdiction does not exist, the Ninth Circuit has established a three-part test for determining when a state may

> constitutionally exercise specific jurisdiction over a defendant: (1) The nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and/or (3) the exercise of jurisdiction must be reasonable.

Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1188 (9th Cir. 2002) (footnote omitted).

Courts must employ a flexible approach that allows interpretation of the factors in light of reasonableness considerations when necessary. Id. at 1189 n.2, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985). "Under this analysis, there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." Ochoa, 287 F.3d 1189 n.2 (internal quotation marks omitted).

Plaintiffs have the burden of establishing that defendants have sufficient minimum contacts with California to satisfy due process. See AT&T, 94 F.3d at 588. Dismissal is appropriate if the plaintiff has not made a prima facie showing of personal jurisdiction. Id. In determining whether plaintiff has made this prima facie showing, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." Id. (internal quotation marks omitted); see also Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)(plaintiff need only demonstrate facts that if true would support jurisdiction). If, however, the plaintiff successfully shows that "the defendant has purposefully directed his activities at forum residents, the defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1400 (9th Cir. 1986) (internal quotation marks omitted).

To determine if there is purposeful availment, courts consider whether the defendant's conduct and connection with the forum state create a reasonable anticipation of being haled into court there. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 475 (this "requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person" (internal quotation marks omitted)).

To determine whether the exercise of jurisdiction would be reasonable, courts

examine the following factors: "(1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum." Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1088 (9th Cir. 2000). The defendant has the burden of demonstrating unreasonableness and must show a "compelling case." Id. (internal quotations omitted).

### B. Forum Non Conveniens

"A party moving to dismiss on grounds of forum non conveniens must show two things: (1) the adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991). "The defendant bears the burden of proving the existence of an adequate alternative forum." Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir. 1983).

Private interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious, and inexpensive." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (internal quotation marks omitted).

Public interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Id. (internal quotation marks omitted).

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Id. A plaintiff's choice of forum is given less deference where the plaintiff is not a resident of the forum state or the forum state has only a tenuous connection with the facts of the claim. Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred in the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."); see also Gemini Capital Group, Inc. v. Yap Fishing Corp., 150 F.3d 1088, 1091 (9th Cir. 1998) (where plaintiffs are not residents of forum selected, choice of forum given less deference).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### III.  DISCUSSION

**A.  Federal Rule of Civil Procedure 12(b)(2)**

**1.  Purposeful Availment Exists**

Both Abdalla and HW Trading have purposefully availed themselves of California privileges.  Microsoft has submitted evidence that shows that HW Trading received wire transfer payments from California corporations for the unauthorized sale of Microsoft Student Media software.  (Decl. of Eric Chu ("Chu Decl.") ¶¶ 2-8; Decl. of Steve E. Studhalter ("Studhalter Decl.") ¶¶ 7-9.)  For example, in or about January 24, 2007, Defendants sold 192 units of Student Media software to Westgate Media (Compl. ¶ 17), a California corporation with its principal place of business in Santa Monica, California (Chu Decl. ¶ 2).  Also, in or about April 2, 2007, Defendants sold 499 units of Student Media to Atlas International Trading (Compl. ¶ 20), a California Limited Liability Company with its principal place of business in Santa Monica, California (Chu Decl. ¶ 2).  Neither Westgate Media nor Atlas International Trading has ever been a Microsoft Authorized Education Reseller.  (Compl. ¶¶ 19-20.)  The Court finds that HW Trading purposefully directed its activities at California.

Abdalla is the president and sole employee of HW Trading.  (Abdalla Decl. ¶¶ 3, 5.)  It is true that a person's "contacts with California are not to be judged according to [his] employer's activities there.  On the other hand, [a person's] status as [an employee] does not somehow insulate [him] from jurisdiction.  Each defendant's contacts with the forum State must be assessed individually."  Calder v. Jones, 465 U.S. 783, 790 (1984).  As Abdalla "controls and operates Defendant HW Trading" and "personally participated in and/or had the right and ability to supervise, direct and control the . . . conduct of" HW Trading (Compl. ¶ 3), the Court finds that Abdalla also purposefully directed his actions toward California.

It is clear that Abdalla and HW Trading's actions created a reasonable anticipation of being haled into court in California.  Abdalla and HW Trading received large payments from sales of Microsoft Student Media software to California corporations.  They are not being haled into court in California as a result of random or attenuated contacts.

**2.  Claims Arise Out of California Activities**

The Court finds that Microsoft's claims arise out of Abdalla and HW Trading's California activities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### 3. Exercise of Jurisdiction is Reasonable

Defendants have substantially interjected themselves into California. Microsoft has submitted evidence of wire transfer payments totaling almost $3.5 million made by unauthorized Microsoft software resellers in California to Abdalla. (Studhalter Decl. ¶¶ 7-9.) A portion of this amount relates to Abdalla's unauthorized sale of Microsoft Student Media to the California resellers such as Westgate Media. (Chu Decl. ¶ 4; Studhalter Decl. ¶ 8.)

It is probably true that the burden on the Dutch Defendants to litigate in California is greater than the burden on Microsoft to do the same. However, Defendants seem to have substantial financial resources given that their revenue from software sales are in the millions and possibly tens of millions of dollars. (Studhalter Decl. ¶ 9; Abdalla Decl. ¶ 10.) Thus, the burden on Defendants is not "so great as to constitute a deprivation of due process . . . ." Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

The Court recognizes that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 115 (1987) (internal quotation marks omitted). This Court must also consider the Defendants' substantial "connections to the United States in general . . . ." Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1489 (9th Cir. 1993). As noted, Defendants have received millions of dollars from sales of Microsoft software to California corporations. That Defendants' sales representative resides and conducts business in California, (Decl. of Miles Hawkes ("Hawkes Decl.") ¶¶ 5-9; Chu Decl. ¶¶ 5-7), is also significant. Core-Vent Corp., 11 F.3d at 1489. Moreover, United States courts in California clearly have an interest in enforcing United States copyright laws.

Some evidence is undoubtedly located in the Netherlands or Europe. However, most of the witnesses and evidence related to Defendants' dealings with Westgate Media and Atlas International Trading seem to be located in California.

While the Court is not satisfied that Microsoft has met its "burden of proving the unavailability of [the Netherlands as] an alternative forum[,]" Roth, 942 F.2d at 624 (internal quotations omitted), the Court finds that the balance of factors favors Microsoft, and therefore the exercise of jurisdiction over the Defendants is reasonable.

Microsoft has made a prima facie showing that this Court has specific jurisdiction over HW Trading and Abdalla.[2]

---

[2] As the Court finds that specific jurisdiction exists, it need not address whether general jurisdiction exists over the Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

### B. Forum Non Conveniens

As noted, Defendants bear the burden of proving the existence of an adequate alternative forum under the forum non conveniens analysis. Cheng, 708 F.2d at 1411. Here, Defendants merely state that "[t]he Netherlands is a more convenient and adequate foreign forum." (Mot. 12.)[3] Defendants have not offered any evidence to support this assertion. They have not offered evidence, for example, that the Dutch courts are "fully competent to decide questions of American law . . . ." Cheng, 708 F.2d at 1411.

Even if Defendants had shown that the Netherlands is an adequate alternative forum, they are not entitled to relief, as the balance of private and public factors does not strongly favor them. Also, while Microsoft's choice of California as the forum is given less deference because Microsoft is a Washington corporation, the cited evidence indicates that California has a strong connection with the facts of this case.

The Court, therefore, finds that the Defendants are not entitled to relief under the forum non conveniens doctrine.

## IV. CONCLUSION

For these reasons, the Court DENIES the Motion to Dismiss for Lack of Jurisdiction.

IT IS SO ORDERED.

---

[3] Defendants have not filed a reply in response to Microsoft's Opposition to the Motion to Dismiss for Lack of Jurisdiction.